IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | 4:09CV3086 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GRAND ISLAND MALL | ) | |
| HOLDINGS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

   This is an action for injunctive relief brought pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-89. The plaintiff, Lorinda Brown, suffers from spinal muscular atrophy and uses a wheelchair. Brown alleges she was denied access to the Grand Island Mall, a shopping center located in Grand Island, Nebraska, because of numerous physical barriers.

   The defendant, Grand Island Mall Holdings, Ltd., which owns the shopping center, has filed a motion to dismiss Brown's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Grand Island Mall contends Brown lacks standing to sue and maintains that the case is moot because any barriers on its property have been removed since suit was filed. The motion to dismiss will be granted based on the plaintiff's lack of standing.

### *DISCUSSION*

   Technically, the motion to dismiss is improper because Grand Island Mall answered Brown's complaint 5 months before filing the motion. *See* Fed.R.Civ.P. 12(b) (stating that a Rule 12(b) motion "must be made before pleading"). But lack of subject matter jurisdiction can be raised at any time, *see* Fed.R.Civ.P. 12(h)(3), and

a defense of failure to state a claim upon which relief can be granted may be raised by a motion for judgment on the pleadings under Rule 12(c),[1] *see* Fed.R.Civ.P. 12(b)(h)(2)(B). The motion thus will be considered as if filed under Rules 12(h)(3) and 12(c). This is purely a formal distinction, however, because the same standards are applied as under Rules 12(b)(1) and 12(b)(6). See *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F.Supp.2d 25, 29 (N.D.N.Y. 2005) (Rule 12(h)(3) motions are subject to same standards as Rule 12(b)(1) motions); *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990) (applying same standards to Rule 12(c) and Rule 12(b)(6) motions).

Standing and mootness are jurisdictional issues. *Crain v. Board of Police Com'rs*, 920 F.2d 1402, 1405 n. 3 (8th Cir. 1990). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir.1990)).

In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007)). This is the same standard as under Rule 12(b)(6). *See id.*

In a factual challenge to jurisdiction, "the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1)

---

[1] A motion for judgment on the pleadings may be made after the pleadings are closed, but early enough not to delay trial. *See* Fed.R.Civ.P. 12(c).

motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Titus*, 4 F.3d at 593 n. 1 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). However, the "heavy" burden of proving mootness falls on the party asserting the case has become moot. *Kennedy Building Associates v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, "any rational mode of inquiry will do." *Osborn*, 918 F.2d at 730 (quoting *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986)). So long as the court has afforded the parties notice and a fair opportunity to be heard, an evidentiary hearing is unnecessary. *See Johnson v. United States*, 534 F.3d 958, 964-65 (8th Cir. 2008) (district court did not abuse its discretion in deciding Rule 12(b)(1) motion on affidavits and briefs where neither party requested a hearing). Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. *Osborn*, 918 F2d. at 730. The only exception is in instances when the jurisdictional issue is "so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Id.* (quoting *Crawford*, 796 F2d at 929).

Both parties have filed exhibits. Grand Island Mall relies on Brown's answers to interrogatories and responses to requests for production (filings 27-1, 27-2), two affidavits by its vice president, Dawn Nowka, regarding the alleged barriers and remedial measures (filings 27-3, 32-1), and an affidavit by a paving contractor, Jerry Atkins, who inspected the property on October 19, 2009 (filing 32-2). Brown also relies on her answers to interrogatories (filing 30-6), on an access survey report

3

prepared by an architect, Steven Mason, who inspected the property on August 6, 2009 (filing 30-1 to 30-5), and on an affidavit by Mason responding to Nowka's first affidavit (filing 30-7).

### *A. Standing*

Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies. Therefore, the plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an "injury-in-fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing is determined as of the lawsuit's commencement. *Id.*

An injury-in-fact is a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan*, 540 U.S. at 560). The plaintiff must show that he or she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . . ." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Although plaintiffs need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, *see* 42 U.S.C. § 12188(a)(1), they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers. *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-85 (2000)). Intent to return to the place of injury "some day" is insufficient. *Id.* at 893 (citing *Lujan*, 504 U.S. at 564).

4

In a written interrogatory, Brown was asked to "[s]tate each and every date in which you were a customer of defendant's mall prior to the initiation of your complaint in this action . . . [and] state the purpose of your visit on those dates." (Filing 27-1, p. 3.) Brown answered: "During the week of October 22, 2008, I visited the Grand Island Mall with my attendant/companion, Dawn and Randi Kramer who is employed with Schwartz Zweben as a Case Manager/Legal Assistant in the firm's ADA Department,[2] for the purpose of showing Ms. Kramer all of the architectural barriers I have encountered over the past several years. (I am a resident of Grand Island, Nebraska)" (*Id.*) Brown was also requested to produce "[a]ll diaries, logs, mileage records and the like regarding Plaintiff's visits to Defendant's place of business." (Filing 27-2, p. 3.) Brown responded: "None." (*Id.*)

While Brown's discovery response indicates she is familiar with the alleged barriers at the shopping center, Grand Island Mall argues she lacks standing because there is only evidence of a single visit, which was made over a year ago in preparation for this lawsuit.[3] However, Brown also states that she has encountered architectural barriers at the shopping center "over the past several years" and is "a resident of Grand Island."

---

[2] The law firm of Schwartz, Zweben LLP represents Brown in this action.

[3] Grand Island Mall also notes that Brown and her attorneys have filed several other Title III actions in this court, involving businesses located in Grand Island, Lincoln, and Omaha. *See Brown v. Stratford Plaza, LLC*, Case No. 4:09CV3042 (filed March 3, 2009); *Brown City of Omaha Convention Hotel Corp.*, Case No. 4:09CV3044 (filed March 4, 2009); *Brown v. Conestoga Mall 2002, LLC*, Case No. 4:09CV3060 (filed March 24, 2009); *Brown v. Crossroads Plaza*, Case No. 4:09CV3066 (filed March 26, 2009); *Brown v. Val Limited*, Case No. 4:09CV3081 (filed April 28, 2009); *Brown v. Grandmother's, Inc.*, Case No. 4:09CV3088 (filed May 1, 2009); *Brown v. Buffalo Wild Wings, Inc.*, Case No. 8:09CV439 (filed December 8, 2009); *Brown v. Deva, Inc.*, Case No. 8:10CV27 (filed January 21, 2010); and *Brown v. J.J. Kat, Inc.*, Case No. 8:10CV28 (filed January 21, 2010). While these filings might be relevant if Brown's credibility were at issue, I am not making a credibility determination.

"[An] ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that [s]he intends to return to the Facility. Rather, in evaluating the likelihood of return, the courts examine four factors: (1) proximity of the place of public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the accommodation in question." *Kramer v. Midamco*, 656 F.Supp.2d 740, 747-51 (N.D.Ohio 2009) (quoting *Wilson v. Kayo Oil*, 535 F.Supp.2d 1063, 1067 (S.D.Cal. 2007)).

A plaintiff can establish a likelihood of future injury based on his or her previous visits to defendant's facility and a present desire to return to the location. However, where a plaintiff visits a public accommodation "only once, the lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location." *Disabled Patriots of America, Inc. v. City of Trenton*, No. 07-CV-3165(FLW), 2008 WL 4416459, *5 (D.N.J. Sep. 24, 2008) (quoting *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1164 (C.D.Cal. 2005)). Stated differently, "[a] presumption against future injury applies unless [Brown] can show a connection to the establishment." *Id.*

Brown's failure to provide dates for any visits to the Grand Island Mall prior to October 22, 2008, or to describe the purpose of those visits, or to produce any supporting documentation casts doubt on whether she will patronize the shopping center in the future. She has not expressed any definite intention to return,[4] nor has she even indicated that she is often in the vicinity of the shopping center, or, for that matter, that she generally shops for herself or is interested in any of the products or services (whatever they may be) that are provided at the Grand Island Mall. The only

---

[4] Brown alleges in her unverified complaint that "[i]ndependent of her other subsequent visits, [she] also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises" (filing 1, ¶ 4), but there is no presumptive truthfulness to this allegation.

known fact is that Brown resides in Grand Island, which is not a large city.[5] While proximity is one factor to consider, it cannot be assumed that just because Brown resides nearby that she "would visit the [shopping center] in the imminent future but for [the alleged] barriers." *See Steger*, 228 F.3d at 892.

A simple affidavit from Brown demonstrating that she would have some real and immediate reason to visit a barrier-free Grand Island Mall is all that would be needed to prevail on this issue, but there is no affidavit from Brown. Her silence compels me to find that Brown does not have standing to sue.[6]

### B. Mootness

If circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot. *In re Search Warrants Issued in Connection with Investigation of South Central Career Center*, 487 F.3d 1190, 1192 (8th Cir. 2007). However, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth,* 528 U.S. at 189.

Grand Island Mall claims this case is moot because it has taken all remedial action that might possibly be ordered by the court in response to Brown's complaint,

---

[5] The court takes judicial notice that the estimated population of Grand Island in 2008 was 45,801. U.S. Census Bureau, American FactfFinder, available online at www.factfinder.census.gov.

[6] Brown alleges in her complaint that she "also acts as a 'tester' for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." (Filing 1, ¶ 4.) While the number of ADA Title III cases Brown has filed in this court suggests this allegation is true, Brown's "tester" status does not relieve her of the obligation to prove in this case that she will return to the Grand Island Mall once the alleged barriers to access are removed.

which identifies 10 alleged ADA violations:

> i. There are an insufficient number of accessible parking spaces;
> ii. There are many access aisles that are too narrow;
> iii. The accessible parking spaces lack proper signage;
> iv. The accessible parking at Hastings Books have no access aisles;
> v. There is no accessible route from the accessible parking spaces at Hastings Books;
> vi. The accessible parking spaces at Dollar Tree have no access aisles;
> vii. The accessible parking spaces at Foxy Nails have no access aisles;
> viii. All of the curb ramps throughout the facility are too steep and too narrow;
> ix. The entrance doors to many tenant spaces are too heavy and lack proper level landings; [and]
> x. The paths of travel inside the Play It Again Sports store are blocked and inaccessible[.]

(Filing 1, ¶ 18.) Grand Island Mall demonstrates in a supporting affidavit that, with three exceptions, it has eliminated each of these alleged barriers. The first exception concerns item "i". Grand Island Mall indicates the ADA Accessibility Guidelines require a total of 8 accessible spaces at the shopping center, which is the number it currently has (down from 11 when the suit was filed). The other two exceptions concern items "vi" and "x", which are not on property owned by Grand Island Mall.

Brown does not dispute this evidence, but contends her expert also found when inspecting the property on August 6, 2009, that some parking spaces and access aisles had slopes greater than the allowable 2% grade, were pitted and uneven, and were covered with loose gravel and sand. Grand Island Mall claims that measurements made by its expert establish that the 8 remaining accessible spaces all have slopes that are within the 2% allowance. (Two non-compliant spaces were abandoned, and a third accessible space apparently was lost when the parking was reconfigured to provide or widen access aisles). Grand Island Mall does not specifically address the other 2 problems noted by Brown's expert (*i.e.*, unevenness and loose impediments).

Grand Island Mall argues that the question of mootness must be determined solely with reference to the 10 alleged barriers that were listed by Brown in her complaint, and points out that the court's order allowing a Rule 34 inspection of the shopping center by Brown's expert specifically directed that "such inspection shall be limited to those areas and conditions enumerated in paragraph 18 of the plaintiff's complaint, filing no. 1." Because the additional items identified by Brown's expert all concern the accessible parking spaces, the inspection complied with the court's order. It was not necessary for Brown to have discovered all of the barriers herself. *See Steger*, 228 F.3d at 892 (holding that plaintiff had standing to seek relief for any ADA violations affecting his specific disability, and was not required to encounter all of the alleged barriers to obtain effective relief).

Even though Brown has not asked leave to amend her complaint, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave when justice so requires" and, at trial, "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed.R.Civ.P. 15(a)(2) & (b)(1). The record reflects that the report of Brown's expert was provided to Grand Island Mall on September 30, 2009, in response to a request for production of documents. The pending motion was not filed until November 11, 2009, and Grand Island Mall has not demonstrated that it would be prejudiced if Brown were granted leave to amend to include the 3 additional items.

Because Grand Island Mall has not shown that it has corrected the alleged problems with the surface condition of the parking spaces (*i.e.*, unevenness and loose impediments), and shown that these problems will not recur, the case is not moot. Also, the evidence is dispute regarding the slopes of the parking spaces and access aisles. This fact issue, which depends on where measurements are taken and what instruments are used, is "so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Osborn*, 918 F2d. at 730. At any rate, Grand Island Mall has not provided enough data for an informed decision.

9

## *CONCLUSION*

Grand Island Mall has failed to prove the case is moot, but Brown has failed to prove she has standing to sue under Title III of the ADA. Accordingly,

IT IS ORDERED that:

1. The defendant's motion to dismiss (filing 25) is granted pursuant to Federal Rule of Civil Procedure 12(h)(3).

2. Final judgment shall be entered by separate document dismissing the plaintiff's action for lack of subject matter jurisdiction.

February 8, 2010.                    BY THE COURT:

                                     *Richard G. Kopf*
                                     United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.