IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | 4:09CV3086 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GRAND ISLAND MALL | ) | |
| HOLDINGS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

On February 8, 2010, the court entered a memorandum and order finding that the plaintiff lacked standing to sue the defendant under Title III of the ADA. A final judgment dismissing the plaintiff's action for lack of subject matter jurisdiction was entered that same date. Ten days later, on February 18, 2010, the plaintiff filed a "motion for reconsideration" of the court's memorandum and order (filing 36), together with a supporting brief (filing 37) and a personal affidavit (filing 38).

A "motion for reconsideration" is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment. *Auto Services Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). Considered under either rule, the plaintiff's motion fails.[1]

---

[1] Our local rules, while not encouraging the practice, recognize that parties occasionally file motions for reconsideration with respect to non-final orders. *See* NECivR 60.1(c) ("Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."). The plaintiff's motion would also fail under this standard of review.

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

While the plaintiff argues that the dismissal of her action was unjust because she has the requisite standing to sue, she has not shown that the dismissal resulted from a manifest error of law or fact in the court's previous memorandum and order, based on the then-existing record. Nor does the plaintiff's affidavit constitute newly discovered evidence.[2] "To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Id.* The plaintiff's affidavit fails to satisfy the first two criteria.

A district court also has broad discretion in ruling on a Rule 60(b) motion. *See Jones v. Swanson,* 512 F.3d 1045, 1048 (8th Cir. 2008). The rule "provides for extraordinary relief which may be granted only upon an adequate showing of

---

[2] In her affidavit, the plaintiff states, among other things, that she has lived in Grand Island since 1990, and that her current residence is located 4.23 miles from the defendant's shopping center; that she goes there on shopping outings with her three children and "always go[es] to the Mall to do [her] Christmas shopping, birthday shopping, and shopping for other special occasions; and that she "intend[s] to return to the mall to continue patronizing it . . . when all of the barriers to access at the Mall have been addressed." (Filing 38-1, ¶¶ 4, 7-9.)

2

exceptional circumstances." *Id.* (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986) (per curiam)).

Rule 60(b)(1) permits a court to grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed.R.Civ.P. 60(b)(1). "[R]elief under Rule 60(b)(1) for judicial error other than for judicial inadvertence" is not available. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000) (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir.1980)).

The plaintiff argues that she and her attorney incorrectly "believed that her notarized interrogatory responses attached as Exhibit 'C' in support of her Response to Defendant's Motion to Dismiss, specifically her response to interrogatory number 7 which indicated that she had encountered architectural barriers to access at the Mall over the past several years, was sufficient due diligence to demonstrate her standing to bring her case." (Filing 37, at 3 n. 1.) The court in its previous memorandum and order expressly examined the plaintiff's discovery responses and concluded that they were not sufficient proof.[3] (Filing 34, at 5-7.)

---

[3] Despite being requested by the defendant's interrogatory to respond with detailed information, the plaintiff failed to provide dates or to describe the purpose of any visits to the Grand Island Mall other than for a visit on October 22, 2008, when a legal assistant accompanied her to the shopping center in preparation for filing this action. Her failure to provide a more complete response was stated to "cast[] doubt on whether she will patronize the shopping center in the future." (Filing 34, at 6.) It was also noted that the plaintiff "has not expressed any definite intention to return, nor has she even indicated that she is often in the vicinity of the shopping center, or, for that matter, that she generally shops for herself or is interested in any of the products or services (whatever they may be) that are provided at the Grand Island Mall. The only known fact is that [the plaintiff] resides in Grand Island, which is not a large city." (Filing 34, at 6-7 (footnotes omitted).)

The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Feeney v. AT & E, Inc.*, 472 F.3d 560, 562-63 (8th Cir. 2006) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)). The relevant circumstances include "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis. *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 867 (8th Cir. 2007). Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

In this case, the plaintiff neglected to present sufficient evidence to meet her burden of proof on the jurisdictional issue. The plaintiff indicates in her brief that she made a conscious decision not to submit additional evidence in opposition to the defendant's motion to dismiss because she thought her statement about encountering barriers "over the past several years" was adequate proof. She does not contend that any other circumstance prevented her from submitting a personal affidavit in advance of the court's ruling on the motion to dismiss. The plaintiff clearly was aware that evidence could be filed in opposition to the motion because she did so, including filing an expert report and affidavit. The plaintiff also had ample time to prepare her

4

response.[4] It is not the purpose of Rule 12(b)(1) to give the plaintiff a second bite at the proverbial apple.

Motions filed under Rule 60(b)(2) (based on newly discovered evidence) and Rule 59(e) are analyzed identically. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007); *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933 & n. 3. As discussed above, the plaintiff's affidavit does not constitute newly discovered evidence.

The plaintiff does not contend that the judgment was procured by fraud, misrepresentation, or misconduct by the defendant, which are possible grounds for relief under Rule 60(b)(3). Rules 60(b)(4) (void judgments) and 60(b)(5) (released judgments) are also inapplicable. This leaves for consideration only the "catchall" provision, Rule 60(b)(6), which permits a party to be relieved from a judgment or final order for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).

Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress. *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007). Relief under this rule is

---

[4] The question of the plaintiff's standing to sue was first raised on June 23, 2009, when the defendant filed its answer. (Filing 13,¶ 30.) On July 16, 2009, after the parties filed their Rule 26(f) planning conference report noting this jurisdictional issue, the court entered a memorandum and order allowing discovery on the issue and setting a deadline of October 1, 2009, for the defendant to file a motion to dismiss. (Filing 15.) In connection with such discovery, the plaintiff subsequently obtained an order from the court allowing her expert to perform a Rule 34 site inspection of the defendant's property. (Filing 20.) The parties then filed a joint motion to extend the deadline for filing the motion to dismiss until November 11, 2009, which the court granted. (Filings 23, 24.) The motion to dismiss was filed on such date, and the plaintiff's response was filed 20 days later, on December 1, 2009. (Filing 28.)

exceedingly rare as relief requires an "intrusion into the sanctity of a final judgment." *In re Guidant Corp.*, 496 F.3d at 868 (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Id.* (quoting *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir.1994)).

The plaintiff has not shown there were any exceptional circumstances that led to the dismissal of her action. Rather, as already discussed above, she had a full and fair opportunity to offer evidence in opposition to the defendant's motion to dismiss. Her affidavit comes too late.

For the reasons stated,

IT IS ORDERED that the plaintiff's motion for reconsideration (filing 36) is denied.

February 24, 2010.	BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.